UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaMarcus Berry,

    Plaintiff,                                  Hon. Hala Y. Jarbou

v.                                            Case No. 1:24-cv-194

Unknown Shaverlier, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motions to Compel. (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's remaining claims be dismissed with prejudice and this action terminated.

**BACKGROUND**

Plaintiff initiated this action on February 26, 2024, while incarcerated at the Kent County Correctional Facility (KCCF) asserting numerous claims against Kent County and four individuals. (ECF No. 1). On April 8, 2024, the Court dismissed most of Plaintiff's claims. (ECF No. 6-7). At this juncture, the only claims remaining are: (1) First Amendment claims against Defendants Shaverlier and Dunham and (2) an Eighth Amendment claim against Defendant Shaverlier. (*Id.*).

-1-

On May 29, 2024, the Court entered a Case Management Order (CMO). (ECF No. 18). Mail sent to Plaintiff by the Court was subsequently returned because Plaintiff had been released from the KCFF without leaving a forwarding address with either the KCCF or this Court. (ECF No. 19-20). On June 27, Defendants Dunham and Shaverlier filed a motion to compel Plaintiff to respond to several discovery requests. (ECF No. 22). Plaintiff failed to respond to Defendants' motion. On July 15, 2024, the Court entered an Order directing Plaintiff to file a response to Defendants' motion within 14 days. (ECF No. 26). The Court also specifically warned Plaintiff that in the event he failed to comply with the Court's Order, the Court "will recommend that Plaintiff's complaint be dismissed for failure to prosecute, failure to participate in discovery, and failure to comply with the Court's Orders." (*Id.*). Plaintiff has failed to respond to the Court's Order.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* FED. R. CIV. P. 41(b); *see also*, W.D. MICH. LCIvR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

-2-

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Plaintiff's failure to comply with the Court's Order is willful and manifests bad faith. Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims. Plaintiff was expressly warned that failure to comply with the Court's Order may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's remaining claims be dismissed with prejudice and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: August 6, 2024                              /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge